**UNITED STATE DISTRICT COURT**
**DISTRICT OF VERMONT**

| | |
|---|---|
| NICHOLAS STONE AND ) | CASE NO. 5:22-cv-121 |
| COLLEEN STONE ) | |
| ) | |
| PLAINTIFFS, ) | |
| ) | |
| V. ) | |
| ) | |
| THE UNIVERSITY OF VERMONT MEDICAL ) | |
| CENTER f/k/a FLETCHER ALLEN HEALTH ) | |
| CARE. INC. ) | |
| ) | |
| DEFENDANT. ) | |

**COMPLAINT AND JURY DEMAND**

Plaintiffs, by and through their attorneys, Faxon Law Group, LLC., hereby complain against the Defendant as follows:

**PARTIES**

1. This diversity action arises from the negligent medical care of Nicholas Stone including failure to provide appropriate treatment, including timely surgical decompression for Cauda Equina Syndrome.

2. The plaintiff Nicholas Stone is and was at all relevant times a resident of Malone, New York.

3. Colleen Stone is and was at all relevant times the wife of the plaintiff Nicholas Stone and she also resides in Malone, New York.

4. Defendant, The University of Vermont Medical Center f/k/a Fletcher Allen Health Care, Inc. ("UVMMC"), is a Vermont corporation doing business in the

1

City of Burlington, Chittenden County, Vermont, that acts through its agents, apparent agents, contractors and employees.

5. Martin Krag M.D. ( "Dr. Krag" ) is and was at all relevant times a physician, licensed to practice medicine in the State of Vermont, who specialized in orthopedic medicine and orthopedic surgery who acted as an agent or employee of the defendant.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.
7. Venue exists pursuant to 28 U.S.C.§ 1391.
8. The amount in controversy exceeds $75,000, exclusive of interest and costs.

## FACTUAL SUMMARY

9. At all times, defendant UVMMC held itself out to the public and to the plaintiffs as a full service medical facility properly equipped and staffed to provide skilled medical care and treatment to patients including orthopedic medicine and surgery.
10. At all times material to this complaint Dr. Krag and the residents and staff operating with him acted as agents, apparent agents, contractors and/or employees of the defendant UVMMC acting within the scope of their employment or agency in the furtherance of the interests of UVMMC.
11. The plaintiff Nicholas Stone came under the care of UVMMC its agents and employees, including, but not limited to, Dr. Krag on December 11, 2020.
12. Dr. Krag was the orthopedic attending physician at UVMMC when the plaintiff Nicholas Stone was transported to UVMMC from Hyde Medical

Center, Malone, New York, after suffering symptoms associated with Cauda Equina Compression.

13. While the plaintiff was under the care of UVMMC, its agents and/or employees, defendant owed the plaintiff the duties of care set forth in 12 V.S.A. § 1908, including the duty to provide the plaintiff with the accepted standard of medical care and treatment.

14. On December 11, 2020, shortly after the plaintiff arrived at UVMMC, he was seen in the emergency department and presented with symptoms including urinary incontinence, urinary retention, lumbar pain, saddle anesthesia and altered genital sensation. The emergency department medical staff ordered an MRI of the lumbar spine and transferred the plaintiff's care to the orthopedic medicine team under the supervision of Dr. Krag.

15. The MRI of the plaintiff's lumbar spine revealed a large posterior central disc extrusion at L5-S1 causing "complete effacement of the CSF and Cauda Equina Compression".

16. Dr. Krag and his orthopedic medicine team elected not to treat the plaintiff's condition as a surgical emergency and instead admitted him for observation and oral steroid treatment.

17. UVMMC discharged the plaintiff from hospital care on December 15, 2020. Thereafter, his condition worsened and he again presented to UVMMC on December 18, 2020. Plaintiff was examined by a different orthopedic surgeon and scheduled for emergent surgery. The surgeon took plaintiff to the

operating room on December 18, 2020, where he performed a L5 laminectomy, and L5-S1 discectomy to decompress the lumbar spine.

18. Due to the delay in surgical treatment the plaintiff continues to suffer from lasting and likely permanent conditions associated with Cauda Equina Syndrome.

## COUNT ONE
### (NEGLIGENCE AND MEDICAL MALPRACTICE)

1-18. Paragraphs 1-18 are incorporated by reference herein.

19. On December 11, 2020, through December 15, 2020, the defendant through its agents and/or employees was negligent and deviated from the accepted standard of care when it failed to recognize and appreciate that the compression of plaintiff's spinal nerves at L5-S1 was a surgical emergency, failed to provide the plaintiff with timely and appropriate medical care and treatment for Cauda Equina Compression and the attendant Cauda Equina Syndrome, and/or failed to perform surgery to decompress the nerves of the plaintiff's lumbar spine, and/or by discharging plaintiff on December 15, 2020, without having appropriately treated the plaintiff's condition.

20. As a direct and proximate result of the negligence of the defendant, the plaintiff, Nicholas Stone, has and will likely continue to suffer from the following conditions that are likely permanent in nature:

   a. Urinary incontinence;

   b. Bowel and bladder dysfunction;

   c. Back pain;

   d. Altered genital sensation;

4

    e. Sexual dysfunction; and,

    f. Physical and emotional pain and suffering.

21. As a futher direct and proximate result of the negligence of the defendant, the plaintiff Nicholas Stone, lost wages and suffered an impairment to his earning capacity and incurred past and future medical expenses.

22. As a further direct and proximate result of the negligence of the defendant, the plaintiff Nicholas Stone has and will experience frustration, anxiety and emotional distress due to his permanent Cauda Equina Syndrome.

## COUNT TWO
## (LOSS OF CONSORTIUM)

1-22. Paragraphs 1-22 are incorporated by reference herein.

23. At all times mentioned herein, the plaintiff Coleen Stone was married to and cohabited with plaintiff Nicholas Stone.

24. As a direct and proximate result of the negligence of the defendant, the plaintiff Colleen Stone has suffered a loss of companionship, services, and society in her marital relationship.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek damages in excess of $75,000, exclusive of interest and costs.

## JURY TRIAL DEMAND

The plaintiffs demand trial by jury on all claims.

Dated at New Haven, CT this 16th day of June, 2022.

                        THE PLAINTIFFS,
                        NICHOLAS STONE AND COLLEEN STONE

                        By_____
                            JOEL T. FAXON
                            jfaxon@faxonlawgroup.com
                            FAXON LAW GROUP, LLC
                            59 Elm Street, Suite 315
                            New Haven, CT 06510
                            (203) 624-9500 (Tel)
                            (203) 624-9100 (Fax)